Exhibit 1 – Petition



IN THE DISTRICT COURT OF PAYNE COUNTY
STATE OF OKLAHOMA

CITY OF PERKINS, and )
CITY OF PERKINS PUBLIC WORKS )
AUTHORITY, )
)
    Plaintiffs, ) JURY TRIAL DEMANDED
)
vs. ) Case No. CJ-24-60
)
MUELLER SYSTEMS, LLC, and )
FERGUSON ENTERPRISES, LLC, )
d/b/a FERGUSON WATERWORKS, )
)
    Defendants. )

IN THE DISTRICT COURT OF
Payne County, Oklahoma
FILED
JAN 29 2024
By: LORI ALLEN, Court Clerk
Deputy

## PETITION

**COMES NOW**, the Plaintiffs, the City of Perkins and the City of Perkins Public Works Authority (hereinafter "Plaintiffs"), by and through their attorney of record, W.R. Moon Jr. of the law firm of Collins, Zorn & Wagner, PLLC and for their cause of action against the above-named Defendants, state and allege as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff, City of Perkins is an Oklahoma Municipal Corporation located in the State of Oklahoma and the County of Payne.

2. Plaintiff, City of Perkins Public Works Authority is an Oklahoma Public Authority established under Oklahoma Law conducting business in the State of Oklahoma and the County of Payne.

3. That Defendant Ferguson Enterprises, LLC f/k/a Ferguson Enterprises, Inc. d/b/a Ferguson Waterworks (hereinafter "Ferguson") is a Virginia limited liability company registered in and conducting business in the State of Oklahoma and the County of Payne.

4. That Defendant Mueller Systems, LLC (hereinafter "Mueller") is a Delaware limited liability company registered in and conducting business in the State of Oklahoma and the County of Payne.

5. The issues in this case involve a contract which was entered into in Payne County, State of Oklahoma, as well as products that were delivered to, installed, repaired, replaced and maintained by one or more of the Defendants in Payne County, Oklahoma.

6. This Court has jurisdiction over the parties and subject matter.

7. Venue is proper in Payne County, State of Oklahoma.

## II. FACTUAL ALLEGATIONS

8. Plaintiffs incorporate by reference Paragraphs 1 through 7 as if fully restated herein and further allege as follows:

9. On or about August of 2015, Plaintiffs published a request for bid/proposal for the purchase, installation, and maintenance of a Mobile Automated Meter Reading (AMR) System. This AMR system would replace the older meters previously used by Plaintiffs that required a person to actually inspect each meter to obtain readings. The new system would allow the meters to be read remotely based on radio signals.

10. Ferguson is, or was at all relevant times, in the business of selling, installing, and maintaining Mobile Automated Meter Reading Systems.

11. Mueller is, and has been at all relevant times, in the business of manufacturing, maintaining and warranting Mobile Automated Meter Reading Systems.

12. On or about August 17, 2015, Ferguson responded to the request for bid/proposal by Plaintiffs. Attached hereto as Exhibit "A" is a true and correct copy of the bid/proposal submitted by Ferguson (hereinafter "Bid"). In the Bid, it states that the proposal is made by Josh

2

Brant for Ferguson Waterworks Meter and Automation Group on behalf of Mueller Systems. Further, it should be noted that the Bid included language and assertions of a twenty (20) year warranty. Such Bid was subsequently accepted and awarded to Ferguson on or about September 21, 2015. Attached hereto as Exhibit "B" is a true and correct copy of the Agreement (hereinafter "Agreement").

13. The Defendants completed installation of the water meter system on or about March 18, 2016. Defendants certified upon completion of the project that the design life of the water meter system, water meters, and associated components was variously between ten (10) and twenty-five (25) years.

14. By January, 2020, the meters installed by Ferguson and manufactured by Mueller began demonstrating serious problems including full and complete failure of function. As of January 21, 2021, fifteen percent (15%) of the installed meters, or approximately two hundred (200), were inoperable. This required the City to incur additional costs and expenses. The meters manufactured and installed by Ferguson and Mueller fell far short of the lifespan warranted by Ferguson and Mueller. The meters manufactured and installed by Ferguson and Mueller continue to fail on a regular basis. The continuing failure of meters manufactured and installed by Ferguson and Mueller pursuant to the Bid and Agreement has caused the City to continue to incur additional costs and expenses in addition to being a source of frustration for the residents of the City of Perkins.

15. Defendants made representations regarding the suitability, quality, characteristics, and longevity of their water meters and water metering systems despite knowing or having reason to know that they were not capable of meeting these representations. Indeed, Defendant Mueller has been sued by numerous other municipalities and water authorities due to their defective water

meters and a failure to fulfill warranty obligations regarding those water meters and water metering systems.

16. On January 21, 2021, the City Manager of Perkins made both Ferguson and Mueller aware of the fact that a large number of the meters manufactured and installed by Ferguson and Mueller had already failed and that additional meters were continuing to fail at an alarming rate. Neither Ferguson nor Mueller has properly or successfully addressed the problems with their water meters. Both Ferguson and Mueller have failed to abide by their warranties and guarantees.

17. On March 7, 2023, the attorney for Plaintiffs informed both Ferguson and Mueller that an average of 200 meters were failing each month, which was approximately 13% of the City's service area. Mueller responded to this letter acknowledging that they had been experiencing issues with "a sub-tier supplier" providing components for their water meters. Mueller admitted their duty to repair or replace malfunctioning and defective water meters, indicating that the operation to repair or replace the remainder of the initially-installed meters would take "34-40 calendar days" which would be completed by mid-May 2023.

18. In a March 15, 2023 email, Ferguson acknowledged issues with the meters which had been installed and indicated they would "continue to work with the City to address these issues."

19. In August, 2023, Plaintiffs discovered that some of the meters which had been recently repaired or replaced were malfunctioning. Plaintiffs informed Defendants of this discovery. Defendant Mueller sent a company representative to investigate the issues, but Defendants have made no effort to repair or replace the affected units.

20. To date, neither Ferguson nor Mueller has properly or successfully addressed the problems and both have failed to abide by their warranties and guarantees.

21. Currently, there remain a multitude of malfunctioning and/or non-functioning meters that are not being properly serviced or replaced pursuant to the Agreement and warranty provided by Mueller and Ferguson. These ongoing problems and failures have resulted in additional labor and operational costs to Plaintiffs as well as a failure for Plaintiffs to receive the benefit for which they bargained when the payments were made to Ferguson for completion of the installation and purchase of the warranties and guarantees contained in the Agreement and the Bid that was made a part of the Agreement by reference thereto.

### III. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### BREACH OF CONTRACT

22. Plaintiffs incorporate by reference Paragraphs 1 through 21 as if fully restated herein and further state as follows:

23. Plaintiffs and Defendants entered into a contract for the delivery, installation, and maintenance of an automated residential water metering system.

24. Per the Bid and Agreement, Mueller and Ferguson expressly contracted that their water meters would be free from defects in material and workmanship and/or guaranteed to perform to American Water Works Association (AWWA) standards.

25. Defendant Ferguson has violated the terms of the Agreement entered into with Plaintiffs by failing to provide meters free from defects and by failing to honor the warranty contained in the Agreement. The meters provided by Defendant Ferguson have, and continue to, consistently fail at unacceptable rates, failed to perform to industry standards, and are not fit for their intended lifespan and use. Further, despite repeated notices of issues and requests from the

Plaintiffs for Ferguson to remedy the same, Defendant Ferguson has failed to replace the defective and/or inoperable meters as required to do pursuant to the Agreement.

26. Defendant Mueller has likewise violated the terms of the Agreement entered into with Plaintiffs by failing to provide meters free from defects and by failing to honor the warranty contained in the Agreement. The meters provided by Defendant Mueller have, and continue to, consistently fail at unacceptable rates. Further, despite repeated notices of issues and requests from the Plaintiffs for Mueller to remedy the same, Defendant Mueller has failed to repair or replace the defective and/or inoperable meters as required to do pursuant to the Agreement.

27. The Plaintiffs relied upon Mueller's and Ferguson's representations in the Agreement regarding the quality and characteristics of the water meters, and the Defendants' representations became a part of the basis of the parties' bargain.

28. As a direct and proximate consequence of the Defendants foregoing breach of the contract, Plaintiffs have suffered and continue to suffer damages including remediation costs, loss of use, lost revenue, lost efficiency, and other actual and consequential damages in excess of $75,000.

## SECOND CLAIM FOR RELIEF

### BREACH OF WARRANTY

29. Plaintiffs incorporate by reference Paragraphs 1 through 28 as if fully restated herein and further state as follows:

30. Plaintiffs and Defendants entered into a contract for the delivery, installation, and maintenance of an automated residential water metering system.

31. Per the Bid and Agreement, Mueller and Ferguson expressly warranted that the water meters would be free from defects in material and workmanship and/or guaranteed to perform American Water Works Association (AWWA) standards.

32. Defendant Ferguson has violated the terms of the Agreement entered into with Plaintiffs by failing to honor the warranty contained in the Agreement. The meters provided by Defendant Ferguson have, and continue to, consistently fail at unacceptable rates. Further, despite repeated notices of issues and requests from the Plaintiffs for Ferguson to remedy the same, Defendant Ferguson has failed to replace or repair the defective and/or inoperable meters as required to do pursuant to the Agreement and the express warranty made a part thereof.

33. Defendant Mueller has likewise violated the terms of the Agreement entered into with Plaintiffs by failing to honor the warranty contained in the Agreement. The meters provided by Defendant Mueller have, and continue to, consistently fail at unacceptable rates. Further, despite repeated notices of issues and requests from the Plaintiffs for Mueller to remedy the same, Defendant Mueller has failed to replace or repair the defective and/or inoperable meters as required to do pursuant to the Agreement and the express warranty made a part thereof.

34. The Plaintiffs relied upon Mueller and Ferguson's express warranties regarding the quality and characteristics of the water meters, and the Defendants' representations became a part of the basis of the parties' bargain.

35. As a direct and proximate consequence of the Defendants foregoing breach of express warranties, Plaintiffs have suffered and continue to suffer damages including remediation costs, loss of use, lost revenue, lost efficiency, and other actual and consequential damages in excess of $75,000.

### THIRD CLAIM FOR RELIEF

### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

36. Plaintiffs incorporate by reference Paragraphs 1 through 35 as if fully restated herein and further state as follows:

37. A warranty that a good shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Okla. Stat. tit. 12A, § 2-314. To be merchantable, goods must, among other requirements, be fit for the ordinary purpose for which such goods are used, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved.

38. Plaintiffs and Defendants entered into a contract for the delivery, installation, and maintenance of an automated residential water metering system.

39. As described in this Petition, the meters manufactured, delivered, and installed by Defendants have proven to be non-merchantable under these terms and, neither Ferguson nor Mueller have rectified or corrected this state of non-merchantability despite multiple requests and a reasonable time to do so.

40. Plaintiffs relied upon an implied warranty of merchantability regarding the quality, longevity, performance, and characteristics of the water meters provided by Defendants as part of the basis of the parties' bargain.

41. As a direct and proximate consequence of the foregoing defective, inoperable, or otherwise deficient meters, maintenance, and services provided, Plaintiffs have suffered and continue to suffer damages including remediation costs, loss of use, lost revenue, lost efficiency, and other actual and consequential damages in excess of $75,000.

## FOURTH CLAIM FOR RELIEF

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE

42. Plaintiffs incorporate by reference Paragraphs 1 through 41 as if fully restated herein and further state as follows:

43. Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select and/or furnish suitable goods, there is an implied warranty that the goods shall be fit for such purpose. Okla. Stat. tit. 12A, § 2-315.

44. Plaintiffs relied on the knowledge and skill of Ferguson and Mueller to provide an automated water meter system and associated products which were suitable for Plaintiffs' purposes.

45. As described in this Petition, the meters selected, manufactured, delivered, and installed by Defendants have proven to be defective, inoperable, or otherwise deficient. Said meters have consistently failed to operate as a suitable water metering system for which purpose they were sold to the Plaintiffs by the Defendants.

46. Defendants knew that Plaintiffs required a suitable automated water metering system and Plaintiffs were relying upon the Defendants skill and/or judgment in furnishing the same.

47. As a direct and proximate consequence of the foregoing defective, inoperable, or otherwise deficient meters and services provided, Plaintiffs have suffered and continue to suffer damages including remediation costs, loss of use, lost revenue, lost efficiency, and other actual and consequential damages in excess of $75,000.

## FIFTH CLAIM FOR RELIEF

### VIOLATION OF THE OKLAHOMA CONSUMER PROTECTION ACT
### Okla. Stat. tit. 15, § 751, et. seq.

48. Plaintiffs incorporate by reference Paragraphs 1 through 47 as if fully restated herein and further state as follows:

49. As described herein, Defendants Mueller and Ferguson have made false representations, knowingly or with reason to know as to the characteristics, quality, longevity, and performance of the automated water meter system and its associated components, products, and services sold to the Defendants as part of a consumer transaction.

50. Since Plaintiffs made warranty claims, Defendants have engaged in misrepresentations, omissions, and other practices which could reasonably be expected to mislead the Plaintiffs to Plaintiffs' detriment and which have resulted in substantial injury to the Plaintiff.

51. Defendants have willfully failed to honor the warranties which are part of the subject matter of the consumer transaction between Plaintiffs and Defendants within a reasonable time or to make a suitable refund.

52. Both Defendant Ferguson and Defendant Mueller are in the business of manufacturing, furnishing, installing, and maintaining automated water meter systems as well as their associated components, products, and services.

53. Defendants in the course of their business have made the aforementioned false representations and further failed to honor the warranties, which are part of the subject matter of the consumer transaction between Plaintiffs and Defendants.

54. As a direct and proximate consequence of the foregoing false representations, deceptive and unfair trade practices, and failure to honor the agreed upon warranties, Plaintiffs

have suffered and continue to suffer damages including remediation costs, loss of use, lost revenue, lost efficiency, attorney's fees, and other actual and consequential damages in excess of $75,000.

## SIXTH CLAIM FOR RELIEF

### UNJUST ENRICHMENT

55. Plaintiffs incorporate by reference Paragraphs 1 through 54 as if fully restated herein and further state as follows:

56. In the Alternative, Defendants have unjustly enriched themselves to the Plaintiffs' detriment by the acts, omissions, and torts described in this Petition.

57. Plaintiffs, in reliance on the misrepresentations regarding the quality, characteristics, suitability, longevity, and performance of Defendants' water meters, entered into the Agreement with the Defendants. Plaintiffs have paid Defendants hundreds of thousands of dollars to furnish, install, and maintain water metering products and water metering systems for the Plaintiffs. Defendants failed to provide suitable equipment and/or maintain, repair, and/or replace said equipment, which was defective and/or deficient as described herein.

58. Defendants have retained all payments from the Plaintiffs. Defendants have secured a financial benefit by fraud, misrepresentation, and/or other wrongful means to the detriment of the Plaintiffs. Plaintiffs continue to sustain damages dues to Defendants' defective water meters.

59. Plaintiffs are entitled to full restitution and all actual and consequential damages as a result of Defendants unjust enrichment.

## SEVENTH CLAIM FOR RELIEF

### NEGLIGENCE

56. Plaintiffs incorporate by reference Paragraphs 1 through 59 as if fully restated herein and further state as follows

11

57. Defendants owed Plaintiffs legal duties in connection with the furnishing, installation, and maintenance of water meters and systems described herein. Such duties include but are not limited to furnishing and installing properly functioning water meters and providing the Plaintiffs with adequate service, maintenance, and oversight in performing work.

58. Defendants breached their duties owed to the Plaintiffs by failing to (1) guard against defects and deficiencies in their products and the work completed consistent with the standard of care; (2) use ordinary care, skill, and judgment in the installation, repair and/or replacement of water metering system and associated components, and/or (3) use ordinary care, skill, and judgment in the selection of suppliers, subcontractors, and/or employees for the repair, replacement, furnishing of parts and the installation of the water meter system.

59. As a direct and proximate consequence of this breach, Plaintiffs have suffered and continue to suffer damages including remediation costs, loss of use, lost revenue, lost efficiency, and other actual and consequential damages in excess of $75,000.

## EIGHTH CLAIM FOR RELIEF

### NEGLIGENT MISREPRESENTATION

60. Defendants misrepresented to the Plaintiffs that their residential water meters would function properly and misrepresented the expected lifespan of their water meters. The Defendants misrepresented the quality, characteristics, operability, longevity, and suitability of their water meters. Specifically, the Defendants misrepresented that their water meters would be "free from defects in material and workmanship" and misrepresented the expected lifespan of the water meters.

61. These misrepresentations were made in the course of the Defendants' business and in the course of the Agreement and since warranty claims were made, in which the Defendants had

a pecuniary interest. Defendants failed to use reasonable care in making these statements and/or failed to disclose material information to the Plaintiffs regarding inherent defects and deficiencies in their water meters and water metering systems when they had a duty to do so.

62. The above negligent and/or intentional misrepresentations were material to the Plaintiffs' acceptance of Defendants' Bid and Plaintiffs' decision to enter into an agreement with Defendants for furnishing, installation, and maintenance of water meters and a water metering system. Defendants actually and justifiably relied upon these representations by the Defendants.

63. As a direct and proximate consequence of these misrepresentations, Plaintiffs have suffered and continue to suffer damages including remediation costs, loss of use, lost revenue, lost efficiency, and other actual and consequential damages in excess of $75,000.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants for the following:

    a. For damages in an amount in excess of $75,000.00, the specific amount to be proven at trial;

    b. For incidental and consequential damages as defined by 12A O.S.A. § 2-715 that amount of which is believed to be in excess of $75,000.00, the specific amount to be proven at trial;

    c. For all other damages and remedies to which Plaintiffs may be entitled pursuant to 12A O.S.A. § 2-701; et seq.,

    d. Punitive/exemplary damages;

    e. Pre-judgment and post-judgment interest;

    f. Any other relief to which Plaintiffs may be entitled by law;

g.  For attorney fees and costs allowed in this case to the extent permitted by law; and

h.  Such other relief as the Court deems proper and just.

Respectfully submitted,

*W.R. Moon Jr.*

W.R. Moon Jr., OBA No. 12079
COLLINS ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail: wrm@czwlaw.com

*Attorney for Plaintiffs City of Perkins and City of Perkins Public Works Authority*